THE ATTORNEY GENERAL
OF TEXAS


JIM MATTOX                         January 29, 1990
ATTORNEY GENERAL


Honorable Robert T. Jarvis      Opinion No. JM-1136
Grayson County Attorney
Justice Center                  Re: Applicability of House Bill
Sherman, Texas    75090         1434, Acts 1989, 71st Leg., ch.
                                1250, at 5046, which relates to
                                purchasing by  local  units  of
                                government, to county attorneys,
                                and related questions  (RQ-1881)

Dear Mr. Jarvis:

     You ask whether section 140.003 of the Local Government
Code is applicable to the county attorney of Grayson County.
You also ask whether a "skilled carpenter" comes within  the
"professional service" exception to the competitive  bidding
requirements of  section  262.023 of  the  Local  Government
Code.

     Section 140.003,  as enacted  by House  Bill 1434,  see
Acts 1989, 71st  Leg., ch.  1250, § 1, eff.  Sept. 1,  1989,
provides in pertinent part:

          (a)  In this  section, 'specialized  local
     entity' means:

               (1)  a district or criminal  district
          attorney;

               (2)  a juvenile board, juvenile  pro-
          bation  office,  or  juvenile   department
          established for one or more counties; or

               (3)  an  adult  probation  office  or
          department  established  for  a   judicial
          district.

          (b)  A  specialized  local  entity   shall
     purchase items  in accordance  with the   same
     procedures and subject  to the same   require-
     ments applicable to a county under Subchapter
     C, Chapter 262 [Local Gov't Code § 262.021 et
     seq.].  For the purposes  of this section,  a
     specialized local entity is treated as if  it

were a county. A specialized local entity
may make a contract with a county under which
the county performs purchasing functions for
the entity.

Section 262.023 of the Local Government Code requires a
county to comply with specified competitive bidding or com-
petitive proposal procedures before purchasing or otherwise
acquiring one or more items under a contract that will re-
quire an expenditure exceeding a specified amount. Section
140.003 mandates that certain offices coming within the
definition of "specialized local entity" purchase items in
accordance with the same procedures applicable to counties.

The county attorney performs the duties of a district
attorney in Grayson County and is subject to the pro-
visions of the Professional Prosecutors Act. Gov't Code
§ 46.002. The office of county attorney is not one of the
offices included in the definition of "specialized local
entity" in section 140.003 of the Local Government Code.
The fact that the county attorney performs the duties of a
district attorney does not constitute the county attorney "a
district or criminal district attorney." Consequently, the
county attorney does not come within the definition of
"special local entity" as that term is defined in section
140.003.

In your second question you ask us to assume that the
"specialized local entity" provision applies in determining
whether a "skilled carpenter" comes within the "professional
service" exception to the competitive bidding requirements
of section 262.023. You do not provide any information re-
garding the work required to be performed by the carpenter.

Section 262.023(a) of the Local Government Code, as
amended by House Bill 1434, raised the amount of expenditure
by a county to an amount exceeding $10,000 (previously
$5,000) before the competitive bidding requirements become
applicable. Included in the items exempt from the competi-
tive bidding process listed in section 262.024 of the Local
Government Code is a "professional service." Local Gov't
Code § 262.024(a)(4).

The question of whether a contract for the services
of a skilled carpenter is a contract for a "professional
service" is a fact question that must be decided on a
case-by-case basis. We cannot answer fact questions in the
opinion process, but we can provide guidelines to use in
determining whether the contract in question is a contract
for "professional service."

In Attorney General Opinion JM-940 (1988) the matter of what constitutes "professional services" under section 21.907 of the Texas Education Code was considered. In Attorney General Opinion JM-940 it was stated:

> Section 21.907 does not define the phrase 'professional services.' The courts have not adopted a universal definition of the term; however, several cases suggest that it comprehends labor and skill that is 'predominantly mental or intellectual, rather than physical or manual.' <u>Maryland Casualty Co. v. Crazy Water Co.</u>, 160 S.W.2d 102 (Tex. Civ. App. - Eastland 1942, no writ). It no longer includes only the services of lawyers, physicians, or theologians, but also those members of disciplines requiring special knowledge or attainment and a high order of learning, skill, and intelligence. <u>See</u> Attorney General Opinion MW-344 (1981); Black's Law Dictionary 1089-90 (5th ed. 1979) (definition of 'profession').

Accordingly, this question must be determined on a case-by-case basis.

## S U M M A R Y

The County Attorney of Grayson County is not a "specialized local entity" as that term is defined in section 140.003 of the Local Government Code. The question of whether a "skilled carpenter" comes within the "professional service" exception to the competitive bidding requirements of section 262.023 of the Local Government Code is a fact question that cannot be resolved in the opinion process.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General